**HUA FENG ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73499.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2013.*

Filed June 12, 2013.

David Z. Su, Esquire, Law Offices of David Z. Su, West Covina, CA, for Petitioner.

Anthony Paul Nicastro, Esquire, OIL, Joanna L. Watson, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Hua Feng Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistency between Zhang's testimony and his wife's written statement regarding the circumstances of her forced sterilization, and his unpersuasive explanation for the discrepancy. *See id.* at 1045–48 (substantial evidence supported agency's adverse credibility finding under "totality of the circumstances"); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir.2011) (BIA not compelled to accept petitioner's explanations for inconsistencies). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.